UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HUGO MARTIN RECINOS-RECINOS, et al.) | Case No. _____ |
| PLAINTIFFS, ) | |
| ) | PLAINTIFFS' MOTION TO ENFORCE |
| v. ) | COMPLIANCE BY PLUM CREEK |
| ) | TIMBER COMPANY, INC. WITH |
| EXPRESS FORESTRY, INC., et al. ) | SUBPOENA DUCES TECUM |
| DEFENDANTS. ) | NOTE ON MOTION CALENDAR: |
| ) | FRIDAY MARCH 10, 2006 |

Plaintiffs hereby move this Court to order that Plum Creek Timber Company, Inc. comply with a subpoena duces tecum issued from this Court. This motion comes before the Court in conjunction with a civil action pending before the United States District Court for the Eastern District of Louisiana, New Orleans Division, Hugo Martin Recinos-Recinos, et al. v. Express Forestry, Inc., et al., Case No. 05-1355 "I" (3). On September 16, 2005, Plaintiffs in that case served a non-party subpoena duces tecum under Rule 45 on Plum Creek Timber Company, Inc. (hereinafter "Plum Creek") of Seattle, Washington. The subpoena directed Plum

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH    -1-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

1 Creek to produce a number of documents at a location in Seattle, Washington on September 30,

2 2005. On September 30, 2005, Plum Creek served an objection to inspection and copying of all

3 of the documents sought. Plaintiffs' counsel have repeatedly communicated with Plum Creek's

4 counsel in correspondence and by phone, explaining Plaintiffs' need for these documents.

5 Despite these efforts, Plum Creek has refused to comply. The Plaintiffs have filed this motion to

6 compel Plum Creek to comply with the subpoena duces tecum.

7 **BACKGROUND**

8 This is an action brought by migrant farmworkers who were employed in the forestry

9 operations of the Defendants at various points during the period from April 1999 through the

10 filing of the complaint. Plaintiffs are Mexican and Guatemalan guestworkers brought to the

11 United States on H2B temporary alien labor visas to work in the Defendants' forestry operations

12 on lands owned, operated and/or managed by companies such as Plum Creek.[1] The central

13 allegations of the case concern systematic underpayment of wages, illegal deductions from

14 wages, and false recordkeeping by the Defendant employers in violation of the Migrant and

15 Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq., ("AWPA") and the Fair

16 Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). A copy of the Complaint in the

17 underlying case is attached to this motion as Exhibit 1. Plaintiffs' AWPA claims were certified

18 as a class action pursuant to F.R.C.P 23(b) and their FLSA claims were concurrently certified as

19 a collective action pursuant to 29 U.S.C. § 216(b). See Recinos-Recinos v. Express Forestry,

---

[1] Under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b), aliens may be admitted to the United States to perform temporary or seasonal work in nonagricultural industries. Aliens entering the U.S. under this provision of the law are often referred to as "H-2B workers," based on the section of the statute authorizing their admission.

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH                -2-                Columbia Legal Services
SUBPOENA DUCES TECUM                                            101 Yesler Way, Suite 300
                                                                Seattle, WA 98104
                                                                (206)-464-5933

1  Inc., 2006 U.S. Dist. LEXIS 3119 (E.D. La. 2006) (attached hereto as Exhibit 2). The class is

2  estimated to include several hundred workers.

3        On September 16, 2005, the Plaintiffs served a subpoena duces tecum on Plum Creek

4  requesting production of certain documents by September 30. The requested documents fell into

5  two major categories: (1) documents related to Plum Creek's contractual relationship with

6  Express Forestry; and (2) documents related to work performed by Express Forestry workers on

7  land owned, operated, and/or managed by Plum Creek. A copy of the subpoena is attached to

8  this motion as Exhibit 3.

9        Fourteen days after service, Plum Creek objected to each of the four requests for

10 production:

> 11-25  Plum Creek objects to [this Document Request] on the grounds that it is unduly burdensome, overbroad in terms of substance and temporal scope, harassing and oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plum Creek further objects to this Request to the extent that it seeks confidential business and commercial information of Plum Creek. Plum Creek also objects to [this Request] to the extent that Plaintiffs have not taken reasonable steps to avoid imposing an undue burden and expense on Plum Creek under Federal Rule of Civil Procedure 45(c)(1), and responding to this Document Request would require an enormous expenditure of time and resources by Plum Creek, a non-party to this litigation. In addition, Plum Creek objects to this Request on the ground that it amounts to nothing more than a fishing expedition designed to obtain documents that do not relate to the instant litigation and might only be germane to a potential (though meritless) action against Plum Creek regarding claims that would be precluded under the doctrines of collateral estoppel and/or res judicata.

27 See Ex. 4 (Plum Creek's written response and objections).

28       Following the service of Plum Creek's objections, counsel for the Plaintiffs exchanged

29 correspondence and held one telephone conference with Plum Creek's counsel regarding

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH    -3-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

compliance with the subpoena. See Exs. 4 - 8 (correspondence between counsel). Plaintiffs agreed to pay all reasonable costs associated with Plum Creek's production of the requested documents, to include copying costs and compensation for the time Plum Creek personnel spend on gathering, reviewing and copying the documents. See Ex. 5 at 1; Ex. 7 at 1. Plum Creek has not complied with the subpoena and has not produced any responsive documents to date.

## ARGUMENT

The scope of material obtainable by a Rule 45 subpoena is as broad as that permitted under the discovery rules. Graham v. Casey's General Stores, 206 F.R.D. 251, 253 (S.D. Ind. 2002); Fed. R. Civ. P. 45, advisory committee note to the 1991 amendment ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). Consequently, the court must determine whether a request contained in a subpoena seeks irrelevant information or is overly broad by using the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. Transcor, Inc. v. Furney Charters, Inc., 212 F.R.D. 588, 591 (D. Kan. 2003).

### I. The Requested Documents Are Relevant To the Underlying Litigation

The definition of relevance under the Federal Rules is very broad. Parties may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of the claim or defense of any party...." Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible at the trial if the discovery appears reasonably calculated to the discovery of admissible evidence." Id. Courts construe this rule liberally to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH            -4-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Courts broadly construe the relevancy of documents sought in discovery particularly when the request emanates from a case in another district. Compaq Computer Corp. v. Packard Bell Electronics, Inc., 163 F.R.D. 329, 335 (N.D. Cal. 1995); Truswal Systems Corp. v. Hydro-Air Engineering, Inc., 813 F. 2d 1207, 1211-12 (Fed. Cir. 1987).

The requested documents are plainly relevant to the litigation at issue. The requested items fall into two general categories: (1) documents related to Plum Creek's contractual relationship with Express Forestry; and (2) documents related to work performed by Express Forestry workers on land owned, operated, and/or managed by Plum Creek. Both groups of documents are not merely relevant; they are documents that the forestry workers intend to rely upon to establish their claims. Due to Express Forestry's claims that massive numbers of relevant documents were destroyed by Hurricane Katrina, Plum Creek is only source for many of these documents. See Ex. (letter from opposing counsel describing impact of Hurricane Katrina on documents requested in discovery by Plaintiffs).

Defendant Express Forestry is a forestry contracting business, which supplies laborers like the Plaintiffs to its customers, such as Plum Creek, to plant and otherwise maintain timber on lands they own, operate and/or manage. Information regarding Plum Creek – on whose land the representative Plaintiffs and other class members worked – is relevant to Plaintiffs' substantive claims.

Information sought regarding tasks performed and locations worked by Plaintiffs and other class members is fundamentally relevant to the Plaintiffs' wage claims, as these factors

determine the minimum "prevailing" wage owed to H-2B guestworkers under the Department of Labor's prevailing wage system. Prevailing wages due to H-2B workers are determined, in part, by geographical location of the work and vary over time, so any information concerning the place and time during which Plaintiffs' planting activities took place is relevant. The requested contracts and materials exchanged between Plum Creek and Express Forestry will provide critical information about the fields in which Plaintiffs performed their work, the location of coolers and other storage facilities where Plaintiffs may have performed uncompensated preliminary and postliminary work, and the approximate dates of performance. This information is probative of the performance of compensable postliminary or preliminary work and the time involved in compensable travel between worksites.

Any records of work completion involving the labor of the Plaintiffs and other class members – such as planting summaries, planting inspection reports, pre-commercial thinning summaries, and/or pre-commercial thinning reports – may contain references to the Plaintiffs' and other class members' piece work production totals, hours worked and/or the times at which Plaintiffs and/or other class members arrived in, were present at and/or departed from the fields. As such, these documents are centrally relevant to the parties' dispute concerning hours actually worked by the Plaintiffs. The documents also indicate where and when planting work was done, and which Express Forestry supervisors were present, which would help Plaintiffs ascertain which crews worked in which locations at a particular time. This information is relevant to determining the proper prevailing wage for the area in which Plaintiffs on various crews were working.

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH -6-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

Any such documents completed by Plum Creek personnel would be particularly relevant and valuable. Plum Creek had agents (ordinarily foresters), may have been present at the planting sites while the Plaintiffs and other class members worked. These foresters may have been involved in the opening and close of the workday at the planting site, and they may have been present at the beginning and/or end of the workday at the coolers or other storage facilities where Plaintiffs may have performed preliminary and/or postliminary work. The documents sought will identify the Plum Creek personnel who may have such personal knowledge of the hours the Plaintiffs and other H-2B worker class members worked. These personnel are believed to be the only neutral, third-party witnesses possessing such information.

The remaining documents are even more directly relevant to the Plaintiffs' substantive claims. The Louisiana action challenges the recordkeeping and payment practices of Defendants. Plaintiffs argue that Defendants failed to keep records as required by the AWPA and its implementing regulations. 29 U.S.C. § 1821(d)(1) and 29 C.F.R. § 500.80. Moreover, Plaintiffs argue that the records Defendants did keep were actually false and misleading. Payroll records, maintained and possessed by Plum Creek pursuant to 29 U.S.C. § 1821 (d-e), are key evidence with respect to these claims.

In addition, the payroll and related records are central to the wage claims of the forestry workers. Bertrand v. Jorden, 672 F. Supp. 1417, 1425 (M.D. Fla. 1987) ("Only through accurate records of the number of hours worked can the minimum wage obligations be calculated with precision."). Records related to all individuals employed by Express Forestry to work on Plum Creek's operations are needed to demonstrate that the wage payment and recordkeeping

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH     -7-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

claims of the named Plaintiffs corroborate Plaintiffs' claims and demonstrate a widespread practice or policy of Defendants that caused the violations at issue. See, e.g., Wright v. Aargo Security Services, Inc., 2000 U.S. Dist. LEXIS 2572, at *1-5 (S.D.N.Y. 2000) (ordering production of complete wage records of all employees in preceding three years in individual FLSA action); Moreno-Rodriguez v. Pride Construction, Inc., 1996 U.S. Dist. LEXIS 1321, at *4 (E.D.N.C. Jan. 25, 1996) (compelling production of information related to the employment of other workers because such information may corroborate Plaintiffs' claims); Riojas v. Seal Produce, 82 F.R.D. 613, 619-21 (S.D. Tex. 1979) (compelling production of payroll information for "all persons" and "all harvest workers" employed during Plaintiffs' tenure, in context of a FLSA collective action brought by migrant farm workers). Such evidence would also bear on whether Defendants' practices were intentional or willful. Wright, 2000 U.S. Dist. LEXIS 2572, at *2-4; Hodel v. Legacy Health System, 1992 U.S. Dist. LEXIS 1608 at *2-3 (D. Or. 1992).

Plum Creek – as the party resisting discovery – bears the burden to demonstrate why the requested documents are not relevant. Merrill v. Waffle House, Inc., 227 F.R.D. 467, 470 (N.D. Tex. 2005); Graham, 206 F.R.D. at 254. To meet this burden, Plum Creek "must specifically detail the reasons why each [request] is irrelevant...." Graham, 206 F.R.D. at 254 (internal quotations omitted). Plum Creek's unsupported accusations of a "fishing expedition" are insufficient to meet its burden. Therefore, Plum Creek's objection should be overruled.

## II. Plum Creek Has Not Demonstrated That the Subpoena is Overbroad, Oppressive or Unduly Burdensome

Plum Creek has objected to the subpoena on the bases that the requests contained therein are overbroad, unduly burdensome, and oppressive. Plum Creek bears the burden of

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH     -8-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

1 demonstrating that the document requests are overbroad or oppressive or that compliance with
2 the requests would be unduly burdensome. Goodman v. United States, 369 F.2d 166, 169 (9th
3 Cir. 1966) ("The burden of showing that a subpoena is unreasonable and oppressive is upon the
4 party to whom it is directed.").

5       Plum Creek's "familiar litany of general objections, including overly broad, burdensome
6 and oppressive will not alone constitute a successful objection . . . nor will a general objection
7 fulfill [its] burden to explain its objections." Hammond, 216 F.R.D. at 672. See also, Johnson &
8 Johnston v. R.E. Service Co., Inc 2004 U.S. Dist. LEXIS 26973, at *5 (N.D. Cal. 2004) ("Given
9 the broad scope of discovery in federal cases, a party objecting to discovery on the basis of
10 vagueness, overbreadth, oppression or burden must state specific facts in support of its
11 objection.")

12       The only specific objection presented by Plum Creek relates to the cost of complying
13 with the subpoena. Plum Creek states that "responding to [these Requests] would require an
14 enormous expenditure of time and resources by Plum Creek, a non-party to this litigation." This
15 concern has been addressed by the Plaintiffs and should no longer pose any undue burdens on
16 Plum Creek. In an effort to "take reasonable steps to avoid imposing undue burden or expense
17 on a person subject to that subpoena," Fed. R. Civ. P. 45(c)(1), the Plaintiffs have agreed to pay
18 all reasonable costs associated with Plum Creek's production of the requested documents, to
19 include copying costs and compensation for the time Plum Creek personnel spend on gathering,
20 reviewing and copying the documents. See Ex. 5 at 1; Ex. 7 at 1.

21       To the extent that the Plaintiffs' accommodations have not met all of Plum Creek's

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH   -9-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

concerns regarding the burden the subpoena imposes on it, Plum Creek has failed to demonstrate that these burdens warrant noncompliance. Hammond, 216 F.R.D. at 672 ("The objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each question is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."). Plum Creek's bald statements of overbreadth and undue burden are legally insufficient.

### III. The Confidential or Commercial Nature of the Documents Requested from Plum Creek Do Not Shield Them From Discovery

As an additional reason for its noncompliance with the subpoena, Plum Creek objects that the documents and records requested contain its "confidential business and commercial information." However, Plum Creek may not rely on the confidential nature of the documents requested as a basis for refusing to produce them because "confidentiality does not equate to privilege." Sonnino v. University of Kansas Hospital Authority, 220 F.R.D. 633, 642 (D. Kan. 2004). See also Federal Open Market Comm. v. Merrill, 443 U.S. 340, 362 (1979) (citations omitted) ("[T]here is no absolute privilege for trade secrets and similar confidential information ...."); Akins v. South Central Bell Telephone Co., 744 F.2d 1133, 1136 (5th Cir. 1984). Thus, the requested documents are not shielded from discovery by the Plaintiffs merely because they may be "confidential." Id.

In order to resist discovery of alleged confidential information, Plum Creek must first establish that the information sought is indeed confidential and then demonstrate that its disclosure might be harmful. Kaiser Aluminum & Chemical Corp. v. Phosphate Engineering &

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH            -10-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

Constr. Co., 153 F.R.D. 686, 688 (M.D. Fla. 1994). Plum Creek's conclusory assertions do not suffice to discharge its burden. Plum Creek's objection should be overruled.

## CONCLUSION

As detailed above, Plaintiffs' subpoena seeks highly relevant documents. Due to Hurricane Katrina's destruction of numerous documents sought by Plaintiffs in discovery, Plum Creek may in fact be the only source of documents critical to establishing Plaintiffs' claims. For the foregoing reasons, Plaintiffs respectfully request that this Court enter an order requiring Plum Creek to comply with the subpoena duces tecum served on it on September 16, 2005.

Respectfully Submitted,

HUGO MARTIN RECINOS-RECINOS, *et. al.*

_____
Nicholas B. Straley
Washington State Bar No. 25963
Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
206-464-5933
206-382-3386 (fax)

Kristi Graunke
Georgia Bar No. 305653
*Pro Hac Vice*
Andrew H. Turner
*Pro Hac Vice*
Virginia Bar Number 48853
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)

PLAINTIFFS' MOTION TO ENFORCE
COMPLIANCE BY PLUM CREEK WITH        -11-
SUBPOENA DUCES TECUM

Columbia Legal Services
101 Yesler Way, Suite 300
Seattle, WA 98104
(206)-464-5933

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of February, 2006, a true and correct copy of the foregoing document has been served on the following counsel via FAX and 1st Class U.S. Mail, postage prepaid.

<u>Attorneys for Plum Creek Timber Company, Inc.:</u>
Robert Buckler
Evan H. Pontz
Troutman Sanders LLP
Bank of America Plaza
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2216
FAX (404)-962-6656

<u>Attorney for Defendants Express Forestry, Inc., Rick Thomas and Sandy Thomas:</u>
J. Larry Stine
Wimberly, Lawson, Steckel, Weathersby, & Schneider, P.C.
3400 Peachtree Road, Suite 400
Atlanta, GA 30326
FAX (404)-261-3707


_____
Nicholas B. Straley, Attorney for Movants