# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| HUGO MARTIN RECINOS-RECINOS, *et al.* *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>EXPRESS FORESTRY, INC., *et al.*<br><br>Defendants. | Case No.: C06-0029-RSM<br><br>THIRD PARTY PLUM CREEK TIMBER COMPANY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SUBPOENA DUCES TECUM<br><br>NOTE ON MOTION CALENDAR: FRIDAY, MARCH 10, 2006<br><br>ORAL ARGUMENT REQUESTED |

COMES NOW Plum Creek Timber Company, Inc. ("Plum Creek"), a non-party to this action, and pursuant to Federal Rules of Civil Procedure 26 and 45, and Local Rule CR 7(d), files this Response in Opposition to Plaintiffs' Motion to Enforce its Subpoena Duces Tecum and respectfully requests that the Court deny the Plaintiffs' Motion and either modify or quash the Subpoena Duces Tecum (the "Subpoena").

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

Plaintiffs brought the above action alleging that Defendants systematically underpaid Plaintiffs, illegally deducted wages from Plaintiffs' salaries, and kept false records in violation of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 et seq.

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

1

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

("AWPA") and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").[1] On September 16, 2005, Plaintiffs served a Subpoena on non-party Plum Creek for production and inspection of voluminous documents related to virtually every aspect of Plum Creek's business relationship with Express Forestry, Inc. ("Express Forestry"). Despite the fact that Plaintiffs either already possess a number of the documents requested, or could easily obtain these documents directly from Express Forestry, Plaintiffs nevertheless request that non-party Plum Creek produce:

1. All documents, contracts, written agreements, correspondence, and other writings evidencing or tending to evidence the terms and conditions under which Express Forestry, Inc. provided labor to you to plant trees, clear brush, apply herbicides, or perform any other tasks during the period June 1999 to present.

2. All documents, canceled checks, Forms W-2 or IRS-1099, invoices, receipts, and other writings evidencing or tending to evidence the payment of any sums by you for services performed by Express Forestry, Inc. planting trees, clearing brush, applying herbicides, or performing any other tasks during the period June 1999 to present;

3. All documents, payroll records, notebooks, ledgers, tablets, and other writings provided you by Express Forestry, Inc. evidencing or tending to evidence any of the following information with regard to the labor of any individuals employed by Express Forestry, Inc. on your operations in any capacity between June 1999 to present:

    (a) The worker's permanent address;
    (b) The worker's telephone number, if any;
    (c) The worker's Social Security number;
    (d) The daily starting and stopping times of the labor performed;
    (e) Hours worked;
    (f) Gross wages;

---

[1] This case follows on a prior case in 2000 in which a group of plaintiffs also represented by Plaintiffs' counsel unsuccessfully attempted to make similar allegations against Georgia-Pacific Corp. ("Georgia-Pacific") (and Plum Creek when Plum Creek purchased Georgia-Pacific's timber land) in a previous lawsuit. That lawsuit was dismissed on summary judgment and affirmed by the United States Court of Appeals for the Eleventh Circuit. See Section III B *Infra* and Exhibit A.
THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

2

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

|   |   |   |   |
|---|---|---|---|
| | (g) | All withholdings from wages, including those for housing, transportation, and tools, and the purpose for each such withholding; |
| | (h) | The number of piece-work units earned; |
| | (i) | The net pay; and |
| | (j) | The basis on which workers were paid. |

4. All planting summaries, planting inspection reports, pre-commercial thinning summaries or inspection reports, or any other documents completed by either Express Forestry, Inc. and/or by Plum Creek Timber Company, Inc. between June 1999 to the present related to work performed by Express Forestry, Inc. on your operations.

In response to Plaintiffs' facially overbroad and unduly burdensome Subpoena, Plum Creek filed its timely objections on September 30, 2005. See Exhibit B. On October 11, 2005, counsel for Plaintiffs and Plum Creek conferred about this matter. Counsel for Plum Creek expressed Plum Creek's willingness to comply with the relevant portions of the Subpoena, including providing all "responsive records that may exist in Plum Creek's possession provided to it by the defendants under 29 U.S.C. § 1821 (d-e), including records of hours worked or of payments made to the H2-B workers of the contractors during the relevant time period." Plum Creek's counsel requested that Plaintiffs provide them with a list of other relevant documents Plaintiffs actually need and Plaintiffs' counsel agreed to do so. See Exhibit C. However, Plum Creek maintained its objection to Plaintiffs' transparent attempt to conduct a fishing expedition into all of Plum Creek's business dealings with Express Forestry in the hope that some of Plaintiffs' overbroad requests might produce some information relevant to Plaintiffs' claims or, more likely, offer Plaintiffs a backdoor means of gathering information to use to try to institute an action against Plum Creek similar to the type of action previously rejected by the courts. See Exhibit A. Plum Creek also objected to the Subpoena on the grounds that it was improper for

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

3

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

Plaintiffs to unduly burden a non-party for information that Plaintiffs could, and should, obtain directly from Defendants.

Plaintiffs' response failed to explain or further identify any specific, purportedly relevant information. Instead, Plaintiffs replied that although Plaintiffs had, or could, obtain much of the information requested from Defendants, Plaintiffs "do not have much confidence in the adequacy of Defendants' overall record-keeping system" and that Plaintiffs believed that they did not have to first attempt to obtain information about Defendant Express Forestry from the party they actually sued. See Exhibit D. Notably, though Plaintiffs waited over two-and-a-half months after Plum Creek's previous correspondence to renew their request for this information, Plum Creek remained willing to produce relevant documents – such as relevant hours records sent by Express Forestry to Plum Creek – without need for a subpoena to allow Plaintiffs' to review the records and assess whether these documents were sufficient. See Exhibit E. This potential solution, like all of Plum Creek's proposed solutions, was summarily rejected by Plaintiffs.

Plaintiffs have never focused on, or even discussed, what information they actually need or is actually relevant to their claims against Defendants. Plaintiffs simply demand Plum Creek's obedience and production of voluminous documents requested by Plaintiffs' overbroad and unduly burdensome Subpoena. See Exhibit D. Plaintiffs' lone rationale for their unwillingness to narrow their requests or consider any reasonable compromise is that several other non-parties did not challenge the breadth and irrelevance of similar subpoenas. Id. Plaintiffs' "everybody else is doing it" approach is neither logically nor legally sound and is wholly irrelevant to the Court's determination of whether compliance with this overbroad Subpoena would be unduly burdensome and necessitate the production of irrelevant documents by non-party Plum Creek.

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

4

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 45(c) provides protection to persons served with unduly burdensome subpoenas. Notably, Rule 45(c)(1) provides,

> A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

A court may find that a subpoena is unduly burdensome solely because the subpoena is facially overbroad. Williams v. City of Dallas, 178 F.R.D. 103, 110 (N.D. Tex. 1998). Normally, however, courts consider the following factors when determining whether a subpoena unduly burdens a non-party: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. Further, if the person to whom the document requests are made is a non-party, the court may also consider the expense and inconvenience to the non-party." Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004) (internal citations omitted).

If a court determines that a subpoena is overly broad and unduly burdensome, a court may either quash the subpoena entirely or modify the subpoena. FED. R. CIV. PROC. 45(c)(3). Thus, Rule 45 is consistent with Federal Rule of Civil Procedure 26(b)(2), which allows the court to limit discovery if the court determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. . . .

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

5

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

## III. DISCUSSION

**A.     Plaintiffs' Overbroad and Unduly Burdensome Subpoena Should be Quashed**

The Court should either quash or modify Plaintiffs' unduly burdensome Subpoena because: (1) the Subpoena is overbroad and seeks irrelevant information; (2) Plaintiffs cannot establish sufficient need for the documents requested because Plaintiffs can obtain these documents directly from Defendant; (3) Plaintiffs have not described the documents they actually need with sufficient particularity; and (4) the burden imposed on Plum Creek, a non-party, outweighs the relevance of any documents that could be produced.

**1.     Plaintiffs' Subpoena is Overbroad and Seeks Irrelevant Information**

Plum Creek has never contended that records provided to it by Express Forestry pursuant to 29 U.S.C. § 1821 (d-e), including records of hours worked or of payments made to the H2-B workers of Express Forestry during the relevant time period, are irrelevant to the underlying lawsuit. On the contrary, Plum Creek has repeatedly informed counsel for Plaintiffs that Plum Creek remains willing and ready to produce this information. See Exhibits C and E. However, Plum Creek objects to Plaintiffs' demand that it needlessly review and produce irrelevant documents or other documents that Plaintiffs can seek directly from Express Forestry.

Plum Creek has been drawn into this dispute with Defendants only because it bought timber lands on which Express Forestry's employees previously performed work. Plum Creek, as a land owner, did not hire, supervise, or compensate Plaintiffs for their work. Likewise, Plum Creek did not schedule when or for how long Plaintiffs worked, or how much Plaintiffs would be compensated. Rather, Plum Creek simply contracted with Express Forestry to perform some work and Express Forestry hired its own employees to get the job done. Not only have

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

6

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

1 Plaintiffs' not asserted otherwise, but the courts have so ruled as a matter of fact and law.  See
2 Exhibit A.

3 Plaintiffs' Request for "all documents, contracts, written agreements, correspondence, or other writings evidencing or tending to evidence the terms and conditions under which [Express Forestry] provided labor" to Plum Creek has no relevance or bearing whatsoever on whether Defendants underpaid Plaintiffs, illegally deducted wages from Plaintiffs' salaries, or kept false records as Plaintiffs' lawsuit contends.

8 Plaintiffs argue that the above information will "provide critical information about the fields in which Plaintiffs performed their work, the location of the coolers and other storage facilities where Plaintiffs may have performed uncompensated preliminary and postliminary work, and the approximate dates of performance." (p. 6, 3-6).  However, Plaintiffs have made no allegation that where Plaintiffs performed their work is related to how much Plaintiffs were compensated.  Second, if Plaintiffs need information about (1) where Plaintiffs performed their work, (2) where the cooler and other storage facilities were located, or (3) Plaintiffs' approximate dates of performance, Plaintiffs should have specifically requested that information. Because Plaintiffs have requested all documents related to Plum Creek's business dealings with Express Forestry, without regard to whether all of these documents are relevant to Plaintiffs' claims, the Court should quash Plaintiffs' Request for this information.  See Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975) (affirming quashing of a subpoena because it sought virtually all business dealings between the defendant and a non-party); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 50 (S.D.N.Y. 1996) ("to the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable.").

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

7

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone:  (206) 254-4413

Similarly, Plaintiffs' Request seeks "all writings evidencing or tending to evidence the payment of any sums [to Express Forestry] . . . for planting trees, clearing brush, applying herbicides, or performing any other tasks during the period of April 1999 to present." How much Plum Creek paid Express Forestry for its services has no relevance or bearing whatsoever on whether Express Forestry underpaid Plaintiffs, illegally deducted wages from Plaintiffs' salaries, or kept false records. Neither the FLSA nor the AWPA requires an employer to compensate its employees a certain percentage of its earnings or profits. Tellingly, Plaintiffs' Motion does not contain any explanation of how the amount Plum Creek compensated Express Forestry is relevant to the amount Express Forestry independently chose to compensate its workers. Plaintiffs' Motion lacks such an explanation because Plaintiffs' Request is irrelevant and overbroad.

In addition, Plaintiffs' Request demands production of Plum Creek's "planting summaries, planting inspection reports, pre-commercial thinning summaries or inspection reports, or any other [related] documents completed by either [Express Forestry or Plum Creek] from June 1999 to present." How Plum Creek managed its land holdings has no bearing whatsoever on whether Express Forestry underpaid Plaintiffs, illegally deducted wages from Plaintiffs' salaries, or kept false records. Plaintiffs' contend that these documents "<u>may</u> contain references to the Plaintiffs' and other class members piece work production totals, hours worked and/or the times at which Plaintiffs and/or other class members arrived in, were present at/or departed from the fields" and that "[t]he documents also indicate where and when planting work was done, and which . . . supervisors were present." (p. 6, 11-13; 15-17) (emphasis added). However, Plum Creek disputes Plaintiffs' characterization of the manner in which Plum Creek manages its lands as not only irrelevant to the underlying lawsuit, but prior litigation shows that

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

8

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

1  Plum Creek's actions are not relevant to an action such as the one Plaintiffs' counsel brought
2  against a contractor such as Express Forestry. Further, Plaintiff did not request documents
3  referencing Plaintiffs' work totals, hours worked, times at which Plaintiffs arrived, were present,
4  or departed from the fields, or which of Express Forestry's supervisors were present. Rather,
5  Plaintiffs requested information clearly irrelevant to their claims in the hope that this broad
6  request may actually produce small categories of information which Plaintiffs might need to
7  prosecute the underlying lawsuit. Plaintiffs' Motion's own explanation of what they <u>actually</u>
8  need is extremely probative of the over breadth and irrelevance of their document requests.

9  **2.     Plaintiffs Cannot Establish Sufficient Need for the Documents Requested**

10  Plaintiffs can and should obtain the documents they seek from Plum Creek directly from
11  Express Forestry. Counsel for Plum Creek has repeatedly objected to the Subpoena on the
12  grounds that since many of the documents requested in the Subpoena were either provided to
13  Plum Creek by Express Forestry or are also in Express Forestry's possession, Plaintiffs have an
14  obligation to seek these documents from Express Forestry rather than burden Plum Creek, a non-
15  party, with the costly and unnecessary obligation of producing duplicative documents.[2] Rule
16  26(b)(2) specifically provides that the Court may limit discovery if "the discovery sought is
17  unreasonably cumulative or duplicative, or is obtainable from some other source that is more
18  convenient, less burdensome, or less expensive." Clearly, Express Forestry is a more
19  convenient, less burdensome, and less expensive source of the documents Plaintiffs request that
20  non-party Plum Creek.

---

[2] Although Plaintiffs claim that some documents may have been destroyed by a hurricane, Plaintiffs fail to specify which documents were destroyed and the efforts they have made to obtain these documents.

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

9

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

1    The only reason Plaintiffs have offered for burdening Plum Creek with the instant
2    Subpoena is that Plaintiffs have no confidence in the accuracy of Express Forestry's documents.
3    Plaintiffs fail to recognize, however, the burden their lack of "confidence" has on a non-party.
4    Plaintiffs offer no evidence to support any basis for a lack of confidence. The Court should not
5    allow Plaintiffs to burden a non-party when Plaintiffs do nothing more than <u>speculate</u> about the
6    sincerity of Express Forestry's documents. Notably, Plaintiffs have never explained why they
7    would believe that Express Forestry altered its specific documents but that different or unaltered
8    versions are in Plum Creek's possession. It seems highly unlikely that Express Forestry would
9    alter their own documents and then provide Plum Creek with authentic copies of the same
10   documents. Burdening a non-party to produce voluminous and potentially duplicative
11   documents based on the mere speculation that some relevant documents might be discovered is
12   unduly burdensome in light of Plaintiffs' unwillingness to provide Plum Creek with any details
13   or explanation of efforts Plaintiffs have made to obtain these documents from Defendants.

14   **3.     Plaintiffs Have Not Described the Documents Needed with Particularity**

16   Plaintiffs Subpoena requests all conceivable documents in the hope that these requests
17   might yield documents that are potentially relevant to their claims. Speculative discovery
18   requests should be denied when the parties can describe the information they actually need with
19   greater particularity. <u>Micro Motion, Inc. v. Kane Steel Co.</u>, 894 F.2d 1318, 1328 (Fed. Cir.
20   1990) (quashing subpoena issued to non-party on the grounds that "[a] litigant may not engage in
21   merely speculative inquiries in the guise of relevant discovery."). When forced to examine the
22   breadth of their own Subpoena in their instant Motion, Plaintiffs have finally described what they

1  actually think they need from Plum Creek.[3]  Plum Creek has continuously informed Plaintiffs'

2  counsel that it is willing to produce documents actually relevant to Plaintiffs' claims and has

3  repeatedly requested that Plaintiffs narrow or identify specific documents or information they

4  need.  See Exhibits B and E.  If Plaintiffs want the documents or information finally specified in

5  their Motion, Plaintiffs should have requested those documents with particularity instead of

6  requesting all documents on Plum Creek's business relationship with Express Forestry.  Because

7  Plaintiffs have consistently maintained an all-or-nothing approach and refused to describe the

8  documents they need with particularity, the Court should either modify or quash the Subpoena.

9  **4.   The Burden Outweighs the Benefit of Production**

10  Any potential relevance the Subpoenaed information could have on the underlying

11  lawsuit is clearly outweighed by the burden Plaintiffs have placed on Plum Creek to comply with

12  an overly broad Subpoena that necessitates production of virtually all documents related to Plum

13  Creek's business dealings with Express Forestry.  Plum Creek's burden is exacerbated by the

14  fact that Plaintiffs either have or can obtain many of these documents directly from Express

15  Forestry.  Both the Federal Rules of Civil Procedure and relevant case law indicate that courts

16  should be especially mindful of the burden compliance with a subpoena places on a non-party.

17  FED. R. CIV. PROC. 45(c)(2)(B); Wiwa, 392 F.3d at 818; Cusumano v. Microsoft Corp., 162 F.3d

18  708, 717 (1st Cir. 1998) (because a non-party had no "dog in [the] fight," the "concern for the

19  unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the

20  balance of competing needs.").  Because Plum Creek has no "dog" in this fight and has already

---

[3] For instance, Plaintiffs contend planting summaries "may contain references to Plaintiffs' and other class members piece work production totals, hours worked and/or the times at which Plaintiffs and/or other class members arrived in, were present at/or departed from the fields" or "will identify the Plum Creek personnel who may have such personal knowledge of the hours the Plaintiffs and other H-2B worker class members worked." (p. 6, 10-13).

1 successfully fought this very same fight with Plaintiffs' counsel, the Court should not force it to

2 bear the burden of responding to an overbroad and unduly burdensome Subpoena.

3 **B.   Plaintiffs' Subpoena is Nothing More than a Fishing Expedition**

5 Plum Creek believes that Plaintiffs' purpose for issuing their overly broad Subpoena is to

6 obtain documents which could potentially assist them in instituting a similar but independent

7 action against Plum Creek. Courts have consistently quashed "fishing expeditions" veiled as

8 legitimate subpoenas. Peters v. United States, 853 F.3d 692, 700 (9th Cir. 1998) ("An

9 administrative subpoena may not be so broad as to be in the nature of a fishing expedition.");

10 Concord Boat Corp., 169 F.R.D. at 51-52. As noted previously, a similar group of plaintiffs

11 represented by Plaintiffs' counsel unsuccessfully sued Georgia-Pacific (whose timber lands Plum

12 Creek purchased during the course of that lawsuit) for virtually identical claims under a "joint

13 employer" theory of liability. See Exhibited A. While Plum Creek and Georgia-Pacific

14 prevailed as a matter of law in that suit, and while it is confident that it would prevail in any

15 similar litigation, the Court should be mindful of the fact that the instant Subpoena is a

16 thinly-veiled attempt to serve pre-complaint discovery.

17 **IV.  CONCLUSION**

18 Because Plaintiffs' overbroad requests seek irrelevant information, because Plaintiffs can

19 and should obtain the documents they are seeking from Express Forestry, because Plaintiffs have

20 not described the documents actually relevant with any degree of specificity, because Plaintiffs

21 have been unwilling to narrow the scope of their request to minimize Plum Creek's burden of

22 responding, and because the Subpoena is a backdoor attempt to obtain information which could

23 potentially be used to institute a successive action against Plum Creek, the Court should either

24 modify or quash the Subpoena.

THIRD PARTY PLUM CREEK TIMBER
COMPANY, INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION TO
ENFORCE SUBPOENA DUCES TECUM

12

Cairncross & Hempelmann, P.S.
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 254-4413

1  Respectfully submitted this 6th day of March, 2006.

2

3                                    /s/ Rosemary Daszkiewicz
4                                    Rosemary Daszkiewicz
5                                    Washington Bar No. 16260
6                                    CAIRNCROSS & HEMPELMANN, P.S.
7                                    524 Second Avenue, Suite 500
8                                    Seattle, WA 98104-2323
9                                    Telephone: (206) 254-4413
10                                   Facsimile: (206) 587-2308
11
12
13                                   *Pro Hac Vice*
14                                   Robert H. Buckler
15                                   Georgia Bar No. 092650
16                                   *Pro Hac Vice*
17                                   Evan H. Pontz
18                                   Georgia Bar No. 583577
19                                   TROUTMAN SANDERS LLP
20                                   5200 Bank of America Plaza
21                                   600 Peachtree Street, N.E.
22                                   Atlanta, Georgia 30308-2216
23                                   (404) 885-3000

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ESCOLASTICO DE LEON-GRANADOS, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> EXPRESS FORESTRY, INC., *et al.* <br><br> Defendants. | Case No.: C06-0029 <br><br> THIRD PARTY PLUM CREEK TIMBER COMPANY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SUBPOENA DUCES TECUM <br><br> NOTE ON MOTION CALENDAR: FRIDAY, MARCH 10, 2006 <br><br> ORAL ARGUMENT REQUESTED |

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2006, I electronically filed the foregoing **THIRD PARTY PLUM CREE TIMBER COMPANY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SUBPOENA DUCES TECUM** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to local counsel of record and faxed and placed a copy in the United States Mail to Plaintiff's Counsel at the address listed below:

Kristi Graunke  
Georgia Bar No. 305653  
*Pro Hac Vice*  
Andrew H. Turner  
*Pro Hac Vice*  
Virginia Bar No. 48853  
Immigrant Justice Project  
Southern Poverty Law Center  
400 Washington Avenue  
Montgomery, AL 36104  
Facsimile: 333-956-8481  

Nicholas B. Straley  
Washington Bar No. 25963  
Columbia Legal Services  
101 Yesler Way, Suite 300  
Seattle, WA 98104  
Facsimile: 206-382-3386  

/s/ Rosemary Daszkiewicz  
Rosemary Daszkiewicz  
Counsel for Defendant  

THIRD PARTY PLUM CREEK TIMBER COMPANY, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE SUBPOENA DUCES TECUM

14

Cairncross & Hempelmann, P.S.  
524 Second Avenue, Suite 500  
Seattle, WA 98104-2323  
Telephone: (206) 254-4413