UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUGO MARTIN RECINOS-RECINOS, et al.,

Plaintiff(s),

v.

EXPRESS FORESTRY, INC., et al.,

Defendant(s).

NO. C06-307P

ORDER ON MOTION TO ENFORCE COMPLIANCE WITH SUBPOENA DUCES TECUM

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion to Enforce Compliance by Plum Creek Timber Company, Inc. with Subpoena Duces Tecum

2. Third Party Plum Creek Timber Company, Inc.'s Response in Opposition to Plaintiffs' Motion to Enforce Subpoena Duces Tecum

3. Reply Supporting Plaintiffs' Motion to Enforce Compliance by Plum Creek Timber Company, Inc. with Subpoena Duces Tecum

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is PARTIALLY GRANTED and PARTIALLY DENIED.

IT IS FURTHER ORDERED that Plaintiffs will bear Plum Creek's costs reasonably associated with complying with Plaintiffs' discovery requests.

Pursuant to Plaintiff's subpoena duces tecum, Third Party Plum Creek is ordered to provide to Plaintiffs all materials in their possession which contain information relating to:

1. The hours worked by employees of Defendants.

2. The payments made to employees of Defendants

**ORD ON MTN TO COMPEL COMPLIANCE - 1**

3. Where employees of Defendants performed their work

4. The location of the cooler and storage facilities.

5. The dates on which the employees of Defendants worked.

6. The piece-work unit totals of Defendants' employees, their daily arrival and departure times and which supervisors employed by Defendants were present on the days when Defendants' employees worked.

7. The amounts paid by Plum Creek to Defendants for their services

8. Planting summaries, planting inspection reports, pre-commercial thinning summaries or inspection reports related to work performed by Defendants during the time period covered by the allegations of the lawsuit.

Additionally, Plum Creek is ordered to provide to Plaintiffs any documents which Plaintiffs can establish are unavailable from Defendants based on their claim that the documents were destroyed by Hurricane Katrina.

Although Plum Creek is correct that FRCP 26 allows the court to limit discovery if it is determined that "the discovery sought. . . is obtainable from some other source that is more convenient, less burdensome or less expensive," part of Plaintiffs' case against the Defendants is that they have falsified their records. They have a right to develop alternate sources of information in order to demonstrate that Defendants' recordkeeping practices are suspect. Although Plum Creek argues that Plaintiffs must provide evidentiary proof of their allegations of falsifying records to support this request, they cite no authority for that proposition.

Plum Creek's argument that the requested discovery is burdensome and expensive is significantly undercut by Plaintiffs' willingness to bear the costs reasonably associated with complying with their subpoenas. Plum Creek is also free to fashion a protective order (preferably in collaboration with Plaintiffs) which shields any proprietary or confidential information from general dissemination.

**ORD ON MTN TO COMPEL COMPLIANCE - 2**

1  The clerk is directed to provide copies of this order to all counsel of record.

2  Dated: May _10__, 2006

/s/ Marsha J. Pechman

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN TO**
**COMPEL COMPLIANCE - 3**